*E-filed 6/1/05/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAREEM W. NAHAS, ANDREW NAHAS, and BIG SKY ENTERTAINMENT CORP., Inc., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MOUNTAIN VIEW, WHITNEY McNAIR, in her individual and representative capacity, and DOES 1 through 50, INCLUSIVE<br><br>Defendants.<br>_____/ | Case No. C03-05057 JW (HRL)<br><br>**ORDER ON PLAINTIFFS' MOTION TO COMPEL** |

On May 31, 2005, this court heard plaintiffs' motion to compel. Defendants opposed the motion. Based upon the papers submitted and the arguments of counsel, the court issues the following order.

**I. BACKGROUND**

On November 14, 2003, plaintiffs filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants deprived them of their 5th and 14th amendment rights to operate a business. Plaintiffs allege that the city's restrictions on the operation of their nightclub, The Limelight, resulted in an unlawful taking, and deprived plaintiffs of their free speech and due process rights.

## II.  DISCUSSION

At issue in this motion are plaintiffs' interrogatories.[1]  The three plaintiffs in the case jointly served interrogatory numbers 1-23 on both the City of Mountain View and Whitney McNair, on January 4, 2005.  On February 1, 2005, defendants responded, objecting to the interrogatories on the ground that they exceeded the numerical limit on interrogatories set forth in Fed. R. Civ. P. 33.  Defendants assert that interrogatory numbers 1-3 actually contain fourteen discrete subparts, as they inquire about each of defendants' fourteen affirmative defenses.[2]  Thus, they argued that the total number of interrogatories served on each defendant was 62, and therefore only responded to interrogatory no. 1 and part of interrogatory no. 2 (what they considered to be 25 interrogatories).  Plaintiffs argue that defendants' objection to the number of interrogatories is without merit, and ask the court to compel defendants to respond to the remaining interrogatories.[3]

### A.    Legal Standard

Fed. R. Civ. P. 33(a) provides that "any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served."  In determining what constitutes a discrete subpart, courts look to whether the different parts are "logically or factually subsumed within and necessarily related to the primary question."  *Ginn v. Gemini Inc.,* 137 F.R.D. 320, 322 (D. Nev. 1991).  "Subparts need not be separately numbered to count as multiple interrogatories."  MOORE'S FEDERAL PRACTICE § 33.30[2] (3d. ed. 2004).

### B.    Analysis

---

[1] Plaintiffs originally moved to compel concerning requests for production of documents as well.  However, the court was concerned about the parties' lack of meaningful meet and confer before the motion was filed, and issued an interim order requiring the parties to meet and confer and submit a declaration stating the issues resolved at the conference and those that remain for the court's determination.  In a declaration filed on May 18, 2005, the parties informed the court that they had resolved all issues pertaining to the requests for production of documents, and that the only issue that remained concerned defendants' objections to plaintiffs' interrogatories.

[2] Interrogatory no. 1 asks defendants to state all facts upon which they base their affirmative defenses.  Interrogatory no. 2 asks defendants to identify each person who has knowledge of the facts asserted in response to interrogatory no. 1.  Interrogatory no. 3 asks defendants to identify documents that support facts asserted by defendants in response to interrogatory no. 1.

[3] Plaintiffs move to compel nos. 3 through 23.  They do not contend that defendants' answers to nos. 1 and 2, to the extent that they were answered (up to the numerical limit of 25), were inadequate.

The court agrees with defendants that interrogatory numbers 1-3 each contain fourteen discrete subparts, as they relate to defendants' fourteen affirmative defenses. *See Collaboration Properties, Inc., v. Polycom, Inc.,* 224 F.R.D. 473, 475 (N.D. Cal. 2004) (finding that an interrogatory seeking information concerning 26 different products contained 26 discrete subparts). Thus, the single set of interrogatories served collectively by plaintiffs on each defendant contains 62 interrogatories, in excess of Rule 33's limitation.

However, Rule 33 provides that each *party* may serve 25 interrogatories on any other party.[4] Although plaintiffs jointly served the interrogatories and gave no indication that the interrogatories were served by individual plaintiffs, the court declines to deny plaintiffs' motion on this ground. To require plaintiffs to individually serve (or reserve) interrogatories and then require the defendants to answer them appears to favor form over substance and put both sides to unnecessary work. Instead, the court, in its discretion, deems that the set of interrogatories nos. 1-23, which actually consists of 62 interrogatories, was submitted individually: One plaintiff submitted the first 25; the second plaintiff, the second 25; and the third plaintiff, the final 12.

Each defendant shall answer those they have not yet answered by **June 17, 2005**. Both parties' requests for sanctions are DENIED.

**IT IS SO ORDERED.**

Dated: 5/31/05

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] Accordingly, because there are three plaintiffs in the case, a total of 75 interrogatories could be served on each defendant.

3

**United States District Court**
For the Northern District of California

1. THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:
2. Louis A. Leone     lleone@stubbsleone.com
3. Eric J Sidebotham     eric.sidebotham@verizon.net
4. * Counsel are responsible for providing copies of this order to co-counsel.

Dated: 5/31/05

                /s/ KWN
Chambers of Magistrate Judge Lloyd