**United States District Court**
For the Northern District of California

1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7           FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                      SAN JOSE DIVISION

9

10   Kareem Nahas, Andrew Nahas, and Big Sky        NO. C 03-05057 JW
     Entertainment, Inc.,
11                                                  **ORDER DENYING MOTION TO DISMISS
                  Plaintiffs,                        THE FIRST CLAIM FOR EQUAL
12       v.                                          PROTECTION AND GRANTING MOTION
                                                     TO DISMISS ALL OF KAREEM AND
13   City of Mountain View, et al.,                  ANDREW NAHAS' CLAIMS; RESETTING
                                                     CASE MANAGEMENT CONFERENCE**
14                Defendants.
                                            /
15

16                      **I.  INTRODUCTION**

17        Plaintiffs ("Plaintiffs") are Big Sky Entertainment, Inc. ("Big Sky"), and Kareem and

18   Andrew Nahas, who are both shareholders in Big Sky.  Defendants ("Defendants") are the City of

19   Mountain View ("the City") and Whitney McNair ("McNair"), the City's Zoning Administrator.  In

20   2001, Plaintiffs purchased The Limelight, a nightclub in downtown Mountain View.  Plaintiffs'

21   lawsuit arises out of the imposition of new permit conditions upon The Limelight, which allegedly

22   put it out of business.  Plaintiffs' Third Amended Complaint ("TAC") includes three claims: (1)

23   violation of equal protection rights; (2) violation of procedural due process rights; and (3) violation

24   of free speech rights and the right to petition.

25        Presently before the Court is Defendants' Motion to Dismiss the first claim for violation of

26   equal protection rights, and all claims asserted by individual plaintiffs Kareem and Andrew Nahas.

27   The motion was scheduled for hearing on January 23, 2006.  The Court finds it appropriate to take

28   the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).

1   For the reasons set forth below, the Court denies the motion to dismiss the equal protection claim,

2   and grants the motion to dismiss all claims asserted by the individual plaintiffs.

3                                          **II.  BACKGROUND**

4           In December 2001, Kareem and Andrew Nahas purchased The Limelight, a nightclub on

5   Castro Street in downtown Mountain View.  TAC at ¶11.  At the time of purchase, and prior thereto,

6   The Limelight operated under a permit that allowed it to admit patrons 18 years of age and older,

7   seven days a week.  Id.  The City also permitted The Limelight to operate "youth nights" on select

8   Sundays for teenagers between ages 14 and 17.  Id.

9           Prior to the purchase, Kareem and Andrew Nahas met with the City and The Limelight's then

10  owner.  TAC at ¶14.  During the meeting, the City affirmatively represented to them that there were

11  no problems with the then current operations of The Limelight, and expressly agreed that they could

12  continue to operate The Limelight without any restrictions on the age of The Limelight's patrons or

13  limitation of its hours or days of operation.  Id.  Kareem and Andrew Nahas purchased The

14  Limelight in reliance on the City's representations.  Id.

15          In addition to purchasing the nightclub, Plaintiffs Kareem and Andrew Nahas executed a 10-

16  year lease for the property, making them responsible for rent and property taxes totaling more than

17  $2.5 million. TAC at ¶21.  Plaintiffs Kareem and Andrew Nahas personally guaranteed payment of

18  the property tax.  Id.

19          Plaintiffs operated The Limelight the same way it was operated by its predecessor and

20  without incident or concern from the City until about June 2002. TAC at ¶15.  In mid-2002,

21  however, a nearby resident complained to the City's Zoning Administrator, Defendant McNair,

22  about The Limelight's "noise" coming from the sound system, and disruptive behavior in the public

23  parking lot adjacent to The Limelight.  Id. at ¶22.  Following these complaints, the City began a

24  review of the conditions of operation of The Limelight.  Id.  Additionally, the City itself complained

25  that The Limelight's advertising materials, which contained images of scantily clad women, "did not

26  promote a 'family friendly' environment."  Id.

27

28                                              2

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   Around October 2002, McNair imposed additional conditions upon The Limelight, requiring

2   its patrons to be 21 years old or older, eliminating its patrons' "in-and-out" privileges, and

3   restricting its evening operations to Thursday, Friday, and Saturday ("new conditions").  TAC at

4   ¶23.  There was no evidence, however, that the allegedly disruptive people in the parking lot were

5   patrons of The Limelight or that they were under 21 years old.[1]  Id.

6   Plaintiff Big Sky appealed the new conditions.  TAC at ¶24.  The City Council heard the

7   appeal on December 10, 2002.  Plaintiffs offered to place security guards in the parking lot, provided

8   the City Council with a sound report, proposed measures to soundproof the building, and offered to

9   pay overtime to City's police officers who might have to come out to The Limelight.  Id.  Despite

10  these accommodations and despite Plaintiffs' statements that the additional conditions would cause

11  The Limelight to go out of business, the City upheld the new conditions and set a further hearing for

12  January 22, 2003.  Id.

13  After the December hearing, Plaintiffs served the City Attorney Michael Martello with a

14  petition for writ of mandamus seeking to stay enforcement of the new conditions.  TAC at ¶25.  The

15  City attorney asked Plaintiffs to try to resolve the matter without litigation and agreed to stay

16  enforcement until the end of the year to allow some time for negotiations.  Id.  During these

17  negotiations, the parties discussed the possibility of finding a new buyer for The Limelight.  TAC at

18  ¶26.

19  In February 2003, Plaintiffs found a potential buyer, who was led by the City to believe that

20  the new conditions would be rescinded.  TAC at ¶27.  The potential buyer made an offer and escrow

21  opened but, in April 2003, McNair refused to rescind the new conditions.  Id. at 28.  Instead, McNair

22  imposed yet additional costly conditions; for example, McNair required the club to close at 1:00

23  a.m. instead of 2:00 a.m.  Id.  Consequently, the buyer decided not to finalize the purchase of The

24  Limelight.  Id. at ¶30.  Plaintiffs have been unable to locate another buyer.  Id.

25

26  _____

[1] Notably, the parking lot that adjoins The Limelight also adjoins several other businesses.
27  TAC at ¶22.

28   3

United States District Court

For the Northern District of California

1        Plaintiffs have continued their efforts to resolve their dispute with the City.  TAC at ¶31.  At

2 a meeting with the City on May 12, 2003, the City expressed concerns about the content of

3 Plaintiffs' advertising material and the disruptiveness of the people in the parking lot.  Id. at ¶32.

4 The City suggested that "the property would serve the community better as a restaurant."  Id.

5 Plaintiffs submitted a report to the City, which sought to address the City's concerns by proposing

6 additional security, sound proofing, etc.  Id. at ¶33.  Plaintiffs asked, however, that The Limelight be

7 allowed to continue serving patrons 18 years old and older, to continue staying open until 2 a.m.,

8 and to continue having "youth nights" on Sundays.  Id.  Plaintiffs suggested that these allowances be

9 made for a probationary period during which Plaintiffs would prove that they could operate The

10 Limelight without disturbances.  Id.   Plaintiffs reiterated that imposition of the age restrictions

11 would put The Limelight out of business.  Id.

12        McNair submitted a report to the City Council recommending that the Council uphold the

13 conditions.  TAC at ¶34.  McNair attached a copy of the Petition for Writ of Mandate that Plaintiffs

14 earlier served on the City attorney.  Id.

15        At a final hearing on May 27, 2003, the City upheld the new conditions.  TAC at ¶35.

16 Thereafter Plaintiffs operated The Limelight in compliance with the new conditions.  Id. at ¶36.

17 Eventually, the club lost most of its patrons and was "forced to close down in August 2003."  Id.

18        Since February 2003, Plaintiffs have been unable to pay rent on the property and are now

19 defendants in an unlawful detainer action.  TAC at ¶38.  Additionally, Plaintiffs allegedly have

20 suffered "injury to their business goodwill and reputation" and loss of business opportunity.  Id. at

21 ¶41.  In particular, Plaintiffs allegedly lost a business opportunity in Burlingame because the City

22 described Plaintiffs as unable to comply with their use permit for The Limelight.  Id. at 42.

23        Plaintiffs initiated the instant suit in November of 2003 alleging claims for civil rights

24 violations and torts.  Plaintiffs have amended their complaint twice: once, after the Court granted in

25 part and denied in part Defendants' motion for judgment on the pleadings, and again after the Court

26 granted Defendants' motion to dismiss.

27

28                                                 4

United States District Court

For the Northern District of California

1    Presently before the Court is Defendants' Motion to Dismiss portions of the Third Amended

2  Complaint, which contains three claims pursuant to 42 U.S.C. §1983: (1) a claim for violation of

3  Plaintiffs' equal protection rights; (2) a claim for violation of Plaintiffs' procedural due process

4  rights; and (3) a claim for violation of Plaintiffs' free speech rights.  More specifically, Defendants

5  seek dismissal of the first claim for violation of equal protection rights, and all claims asserted by

6  individual plaintiffs Kareem and Andrew Nahas.  Defendants essentially contend that Plaintiffs have

7  failed to allege that Defendants intentionally treated them differently from any other similarly

8  situated night club without any rational basis for doing so.  Further, Defendants contend that Kareem

9  and Andrew Nahas' claims fail as a matter of law because they have not alleged that they suffered a

10  loss separate and apart from The Limelight.  Based upon all papers filed to date, the Court denies the

11  motion to dismiss the equal protection claim, and grants the motion to dismiss all claims asserted by

12  individual plaintiffs Kareem and Andrew Nahas.

13                          **III. STANDARDS**

14    The strict standard for granting a motion to dismiss under Rule 12(b)(6) is set forth in Conley

15  v. Gibson, 355 U.S. 41 (1957). A motion to dismiss under Rule 12(b)(6) must not be granted "unless

16  it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

17  would entitle him to relief." Id. at 45-46.

18    In ruling on a motion to dismiss, the Court must accept as true all material allegations in the

19  complaint, as well as reasonable inferences to be drawn from them. Leatherman v. Tarrant County

20  Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993); Pareto v. FDIC, 139 F.3d

21  696, 699 (9th Cir. 1998). However, the court need not accept as true conclusory allegations or legal

22  characterizations. Pareto, 139 F.3d at 699.  Also, the court need not accept unreasonable inferences

23  or unwarranted deductions of fact. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.

24  2001).

25    A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable

26  legal theory or (2) insufficient facts stated under a cognizable theory.  Robertson v. Dean Witter

27

28                             5

1   Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  In order to grant a motion to dismiss, it must

2   appear to a certainty that a plaintiff would not be entitled to relief under any set of facts which could

3   be proved.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**IV.  DISCUSSION**

4

5   **A.  Plaintiffs' Equal Protection Claims (First Cause of Action)**

6          Defendants argue that Plaintiffs cannot maintain an equal protection claim because Plaintiffs

7   fail to allege that Defendants treated them differently from others who were similarly situated.  The

8   Court finds that the Third Amended Complaint sets forth sufficient facts to satisfy the liberal

9   pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure.

10         The Supreme Court has "recognized successful equal protection claims brought by a 'class of

11  one,' where the plaintiff alleges that she has been intentionally treated differently from others

12  similarly situated and that there is no rational basis for the difference in treatment." Village of

13  Willowbrook v. Olech, 528 U.S. 562, 564 (2000). In Olech, the complaint was that "the Village

14  *intentionally demanded* a 33-foot easement as a condition of connecting her property to the

15  municipal water supply *where the Village required* only a 15- foot easement from *other similarly*

16  *situated property owners*." Id. at 565 (emphasis added).

17         Like the plaintiffs in Olech, Plaintiffs have made the bare minimum allegations to support an

18  equal protection claim.  Plaintiffs allege that The Limelight is similarly situated to Alberto's, Molly

19  McGee's, and St. Stephen's Green insofar as each of the businesses is an entertainment nightspot in

20  downtown Mountain View that features dancing, DJs, and/or live music.  Further, Plaintiffs allege

21  that these businesses are adjacent to the City's downtown parking lot.  Plaintiffs also allege that

22  these businesses are similarly situated because they have been identified by the Mountain View

23  Police Department as having "a history of issues."  Thus, Plaintiffs have identified businesses that

24  are "substantially similar" to The Limelight.  Defendants have not cited, and the Court has not

25  found, any caselaw requiring Plaintiffs to identify identical businesses that cater to patrons under the

26  age of twenty-one.

27

28                                                              6

*United States District Court*
For the Northern District of California

1    Plaintiffs also allege that The Limelight has been treated differently from similarly situated

2  businesses because, *inter alia*, (I) Defendants limited the hours of operations for The Limelight to

3  Thursday, Friday and Saturday nights; (ii) Defendants restricted patrons of The Limelight to 21

4  years of age or older; and (iii) Defendants required The Limelight to close at 1:00 a.m. instead of

5  2:00 a.m.

6  None of the other allegedly similarly situated businesses were required to operate under these

7  restrictions.

8    Plaintiffs further allege that Defendants intentionally treated The Limelight differently for no

9  rational purpose.  More specifically, Plaintiffs allege that the City's proffered reason for imposing

10  the new conditions, namely the increase in noise and disturbances in the parking lot, cannot

11  reasonably be attributed solely to The Limelight.  Plaintiffs allege that the police officer assigned to

12  monitor The Limelight determined that, despite the complaints of one resident living near the

13  downtown area, "there were no major issues associated with [The Limelight] and there had not been

14  any noise issues out of the ordinary." TAC at ¶19.  The police officer also allegedly determined that

15  although there was an increase in service calls due to one resident living near downtown, the calls

16  were not "significant," and typical of those generated by a large nightclub with the clientele of a

17  club like The Limelight. Id.  In the Ninth Circuit, a plaintiff may pursue an equal protection claim

18  by raising a "triable issue of fact as to whether the defendants' asserted [rational basis] . . . was

19  merely a pretext" for differential treatment. Squaw Valley Development Co. v. Goldberg, 375 F.3d

20  936, 946 (9th Cir. 2004), quoting Armendariz v. Penman, 75 F.3d 1311, 1327 (9th Cir. 1996).  Pretext

21  may be  established by evidence that  the proffered rational basis was objectively false. Id. at 946.

22  Construing the allegations in the Third Amended Complaint in a light most favorable to Plaintiffs, a

23  reasonable inference can be drawn that the City's proffered justifications for the new conditions

24  were objectively false.

25    Defendants contend, however, that Plaintiffs' allegations are deficient because Plaintiffs fail

26  to allege that the City received complaints about any of the other "similarly situated" businesses

27

28                                                    7

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1  concerning noise and behavior in the parking lot.  Defendants' argument is unpersuasive for a

2  couple of reasons.  First, it overlooks Plaintiffs' allegation that the police officer responsible for

3  monitoring The Limelight determined that there were no "noise issues out of the ordinary."  TAC at

4  ¶19.  Second, it overlooks Plaintiffs' allegation that the parking lot is "surrounded by several other

5  businesses, including but not limited to, Alberto's Molly McGees and St. Stephen's Green" (TAC at

6  ¶22), and that the new restrictions were imposed "without any evidence that the person in the public

7  parking lot about whom [the City received complaints] were, in fact patrons of the Limelight, or that

8  they were between the ages of 18 through 20." TAC at ¶23.

9          Therefore, the Court denies Defendants' motion to dismiss the equal protection claim.

10 **B.  Personal Claims of Andrew Nahas and Kareem Nahas**

11         Defendants contend that the Third Amended Complaint alleges only injury to Big Sky. See

12 TAC at ¶¶51, 62, 69 ("Plaintiff Big Sky suffered severe damages, including but not limited to

13 damage to Plaintiff's Big Sky's business and its reputation"), 52, 63, 70 ("the value of Big Sky stock

14 has been rendered worthless").  Furthermore, Defendants contend that Plaintiffs Andrew and

15 Kareem Nahas cannot, as a matter of law,  allege personal injuries independent to those of Plaintiff

16 Big Sky.

17         As the Court has stated previously, generally, a stockholder may not maintain an action in his

18 own behalf for a wrong done by a third person to the corporation on the theory that such wrong

19 devalued his capital stock since the wrong thus suffered by the stockholder is merely incidental to

20 the wrong suffered by the corporation and affects all stockholders alike. See Erlich v. Glasner, 418

21 F.2d 226, 228 (9th Cir. 1969) and Jones v. H. F. Ahmanson & Co., 1 Cal.3d 93, 107 (1969). If,

22 however, the injury is one to the plaintiff as a stockholder and to him individually, and not to the

23 corporation, as where the action is based on a contract to which he is a party, or on a right belonging

24 severally to him, or on a fraud affecting him directly, it is an individual action." Sutter v. General

25 Petroleum Corp., 28 Cal. 2d 525, 530 (1946).  In Sutter, the plaintiff alleged that he was induced by

26 the defendants' fraud to abandon his own petroleum development projects and organize and invest

27

28                                              8

United States District Court

For the Northern District of California

1  in a corporation to take over an oil and gas lease. <u>Sutter</u>, 28 Cal. 2d 527. The court found that

2  plaintiff had an individual action because the defendant's fraud rendered worthless the stock in the

3  new corporation. <u>Sutter</u>, 28 Cal. 2d 530-31.

4       In the present case, Plaintiffs model their claims after <u>Sutter</u>, <u>supra</u>.  They assert that they

5  were injured as individuals when the City allegedly assured them that they could continue to operate

6  The Limelight in the same manner as it had been operated by its prior owner, without any

7  restrictions on the age of The Limelight's patrons or limitation of its hours or days of operation.

8       Plaintiffs' argument fails, however.  The Court has previously rejected any claim based upon

9  the City's alleged assurances.  <u>See</u> Order Granting Defendants' Motion to Dismiss; Continuing Case

10  Management Conference, filed October 24, 2006, at pp. 8-9. (plaintiffs cannot maintain a claim for

11  promissory estoppel).

12       Therefore, the Court grants Defendants' motion with respect to all claims by Plaintiffs

13  Andrew and Kareem Nahas, with prejudice.

14       **V.  CONCLUSION**

15       For the reasons set forth above, Defendants' motion to dismiss the equal protection claim is

16  denied, and Defendants' motion to dismiss claims brought by Andrew and Kareem Nahas in their

17  individual capacities is granted, with prejudice.  Plaintiffs shall file a Third Amended Complaint in

18  strict compliance with the terms of this Order on or before February 7, 2006.  Defendants shall file

19  and serve an answer no later than February 28, 2006.

20       The case management conference scheduled for February 27, 2006 is continued to March 20,

21  2006 at 10:00 a.m.  The parties shall file an updated joint case management statement no later than

22  March 10, 2006.

23  Dated: January 27, 2006               /s/James Ware
   03cv5057tac                          JAMES WARE

24                                    United States District Judge

25

26

27

28                                9

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Eric J Sidebotham eric.sidebotham@verizon.net
Louis A. Leone lleone@stubbsleone.com
Patricia  De Fonte Patricia.DeFonte@ibslaw.com


**Dated: January 27, 2006**                                   **Richard W. Wieking, Clerk**


                                                              **By:   /s/JW Chambers**
                                                                     **Ronald L. Davis**
                                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California

10