IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Big Sky Entertainment Corp., a California corporation,<br><br>             Plaintiff(s),<br>  v.<br><br>City of Mountain View, et al.,<br><br>             Defendant(s). | NO. C 03-05057 JW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS** |

In June of 2005, Defendants filed a motion to preclude the testimony of Plaintiff's designated accounting expert, Stephen Reiss. Defendants' motion was based on two grounds: (1) Plaintiff had failed to comply with Rule 26(a)(1)(B), Fed.R.Civ.P., by failing to disclose the existence of a QuickBooks disk that contained accounting information that differed from the accounting records provided to Defendants and from the data attached to Mr. Reiss's report; and (2) Mr. Reiss's opinions, which were based on the QuickBooks disk, were not based on Generally Accepted Accounting Principles ("GAAP").

By order dated August 17, 2005, the Court granted the motion because Mr. Reiss based his proposed testimony on records that were not created in accordance with GAAP. Further, the Court invited Defendants "to seek sanctions accordingly and request costs stemming from Defendants' preparation of their Motion to Preclude Expert Testimony . . ." Corrected Order Granting Defendants' Motion to Preclude Expert Testimony.

Presently before the Court is Defendants' motion for sanctions, filed December 28, 2005. The Court finds it appropriate to take the motion under submission for decision without oral

1  argument pursuant to Civil Local Rule 7-1(b).  Based upon all papers filed to date, the Court grants
2  in part and denies in part Defendants' motion for sanctions.

3  Defendants' motion is based upon nine separate alleged violations of the Federal Rules of
4  Civil Procedure, which can be generally classified as follows: (1) failing to disclose the existence of
5  the QuickBooks disk in a timely manner; (2) allowing Plaintiff's expert to rely on the QuickBooks
6  disk; and (3) providing four different versions of net profits to Defendants during discovery.
7  Defendants seek a total of $31,574.71 "to make them whole for the costs and fees they incurred
8  related to plaintiffs' expert, Stephen Reiss."

9  Plaintiff raises numerous arguments against the imposition of sanctions, chief of which is
10 that it complied, in good faith, with its obligations under the Federal Rules of Civil Procedure.  If the
11 Court finds that sanctions are appropriate, Plaintiff requests that the sanctions not exceed $1,000, or
12 alternatively, that the Court defer imposing sanctions until after trial.

13 Having reviewed each of the parties' briefs, the Court remains persuaded that sanctions are
14 appropriate because Plaintiff proffered an expert, Mr. Reiss, who based his proposed testimony on
15 records that were not created in accordance with GAAP.  See August 17, 2005 Order.  In doing so,
16 Plaintiff proffered a seriously misleading, if not outright false, expert disclosure, which is
17 sanctionable pursuant to Rule 37(c)(1), Fed.R.Civ.P..

18 Defendants' present motion for sanctions in the amount of $31,574.71, however, far exceeds
19 what the Court had contemplated in its August 17, 2005 Order, namely only those sanctions and
20 costs stemming from Defendants' preparation of their Motion to Preclude Expert Testimony.  The
21 requests for $14,055 for sixty hours of expert time, $81.68 in additional expert costs, and $530.53 in
22 court reporter fees, are accordingly denied.

23 The remaining request for $16,907.50 for approximately 74 hours of attorney time is also
24 excessive for the preparation of Defendants' Motion to Preclude Expert Testimony.  The most the
25 Court is prepared to award is attorneys fees for an 8-hour work day, at a rate of $175/hour, for a total
26 of $1,400.

27 Accordingly, pursuant to Rule 37, Fed.R.Civ.P., Defendants' motion for sanctions is granted

2

in part and denied in part.  Plaintiff shall pay sanctions in the total amount of $1,400.  Because the sanction is relatively small, the Court denies Plaintiff's request to delay imposition of the sanction and orders Plaintiff to pay the sanction no later than May 1, 2006.

Dated: March 16, 2006

03cv5057sanctions

/s/James Ware
JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Eric J Sidebotham eric.sidebotham@ejs-law.com

Louis A. Leone lleone@stubbsleone.com

Patricia De Fonte Patricia.DeFonte@ibslaw.com

**Dated:   March 16, 2006**                                                   **Richard W. Wieking, Clerk**

                                                                **By:   /s/JW chambers**
                                                                    **Melissa Peralta**
                                                                    **Courtroom Deputy**

**United States District Court**
For the Northern District of California